Turley, J.
delivered the opinion of the court.
This is an action of slander brought by the defendant in error against the plaintiff in the Circuit Court of Macon county, and was so prosecuted that at the May term, 1845, a judgment was rendered against the .defendant for the sum of *203 five hundred dollars. On the trial defendant introduced several witnesses by whom he proposed to prove, that he had been for many years past a diseased, whimsical and eccentric man; that his neighbors regarded him as a weak minded man, at times wholly deranged, and that during the summer, about the time, though not at the precise time of speaking the words, and before and after speaking the words as proved he was not in his sound mind. This proof was rejected by the court; and the question presented for our consideration is, whether in this there was error. That insanity is a good defence to this action'as well as all others.is not controverted, but it is argued that the proof offered was not sufficient to establish the fact; for that although he might have been deranged a short time before and after the speaking the words, yet non constat, that he was so at the time of the speaking.— This may-be so; but does it follow that the proof should not have been heard? The establishment of facts by human testimony is always matter of uncertainty; circumstances may deceive; a witness may commit perjury, but shall we not therefore hear the circumstances and examine the witnesses? So the proof of the existence of a fact at one hour and at another subsequent thereto, does not clearly establish the continued existence of the fact; yet, shall we not hear the proof as one means of ascertaining the disputed fact? ■ A man is found at ten o’clock in the morning a furious madman; he is also so found at four o’clock in the evening; in the intermediate space he has committed a crime. Shall this proof not be heard to establish the fact of his insanity during the intermediate space? . Surely it shall. For the law does not require. proof of the greatest possible certainty, neither does it require that it should be direct and positive;- it is sufficient if it be of such a character as will aid the jury in coming to a correct conclusion upon the fact. Of such character we think was the proof proposed in this case and rejected by the court. If the defendant was deranged a short time before and a short time after the speaking the words, we think in the absence of proof to the contrary, the jury might have inferred his insanity at that time, and have been well warranted in doing so; to require direct proof of insani *204 ty at that time, would be to require positive proof of the ex-r istence of a fact, when the law holds that it may be equally well established by circumstancial.
But it is argued that the judge afterwards received the proof, and that this corrects the error of its first rejection, — ■ This would be true if the fact were so, but it is not. The proof received as to his health and temper is of a different character altogether and by different witnesses, and not tending in any degree to establish the fact of insanity.
We therefore think that there was error on the part of the Circuit Judge in rejecting the testimony and reverse the judgment and remand the cause for a new trial.